UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

SECURITIES AND EXCHANGE COMMISSION, :
　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　: 　　No. 5:20-cv-1593
　　　　　　　　　　　　　　　　　　　　:
THOMAS MEGAS,　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　　　　:

---

**O P I N I O N**
**Renewed Motion to Enter Default Judgment, ECF No. 136 - Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　**June 3, 2026**
**United States District Judge**

## I.　INTRODUCTION

Pro se defendant Thomas Megas failed to fully respond to discovery despite numerous extensions of time and orders compelling him to do so. Megas also failed to appear for his court-ordered deposition on several occasions. These willful actions, taken despite warnings that default judgment would be entered, have prejudiced Plaintiff, the Securities and Exchange Commission ("SEC"). For these reasons and those set forth below, the SEC's Motion to Enter Default Judgment against Megas is granted pursuant to Federal Rule of Civil Procedure 37.

## II.　BACKGROUND

On March 23, 2020, the SEC filed a Complaint against Defendants Thomas Megas and Todd Lahr for violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 and of the Securities Exchange Act of 1934. *See* Compl., ECF No. 1. The Complaint explains that Lahr formed THL Holdings LLC, a Nevada limited liability company, in January 2012. *See id.* ¶ 10. A few years later, according to the Complaint, "Lahr and Megas established Ferran to raise

money to help Lahr make the interest payments owed to THL Holdings investors." *Id.* ¶ 23. Although Megas is a resident of Switzerland, Ferran was incorporated in Nevada. *See id.* ¶¶ 8, 10. The Complaint alleges that Defendants engaged in a Ponzi scheme, through which they sold over a million dollars in unregistered securities consisting of promissory notes in THL Holdings LLC and common stock and warrants in Ferran Global Holdings, Inc. *See id.*

Final judgment was entered against Lahr on June 23, 2020, finding that he is liable for disgorgement in the amount of $976,879.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon of $179,88.17, for a total of $1,156,767.17. *See* ECF Nos. 11-12 (offsetting Lahr's payment obligation in an amount equal to the orders of restitution and/or forfeiture entered against Lahr in the related criminal action). *See also United States v. Lahr*, No. 5:19-cr-00496 (E.D. Pa.) at ECF No. 41 (sentencing Lahr to seventy-eight (78) months imprisonment for securities fraud, three (3) years of supervised release, and restitution in the amount of $2,106,918.53). Default was entered against Megas on April 29, 2021, followed by default judgment on July 30, 2021, which found Megas liable for disgorgement. *See* ECF No. 27. Judgment was entered in the amount of $30,755, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,719, and a civil penalty in the amount of $487,500, for a total amount of $526,974. *Id.* A few months later, Megas moved to dismiss default judgment, arguing that service of the Complaint was improper under the Hague Convention. *See* ECF No. 33. After additional filings and an evidentiary hearing, the court issued an Opinion and Order denying Megas's motion to dismiss default judgment. *See* ECF Nos. 60-61. Megas appealed. On July 24, 2024, the Third Circuit Court of Appeals determined that Megas was not properly served and, therefore, vacated the entry of default and default judgment. *See* ECF No. 69.

060326

On September 18, 2024, after the action was reassigned from the late Honorable Edward G. Smith, this Court entered an Order vacating the default and default judgment against Megas. *See* ECF Nos. 71. Additionally, this Court directed that the SEC make proper service on Megas, which was effectuated on December 27, 2024. *See* ECF Nos. 71, 77. Megas failed to timely respond to the Complaint and default was again entered against him on February 14, 2025. Ten (10) days later, Megas moved to vacate default because he purportedly miscalculated the time to file a responsive pleading. *See* ECF No. 79. Given his pro se status and the Third Circuit's preference for a decision on the merits, this Court granted his motion to vacate default on February 26, 2025. *See* ECF No. 80. He thereafter filed an Answer, asserting that the SEC's claims are barred by the statute of limitations and that the SEC mischaracterized the relationship between he and Lahr. *See* Answer, ECF No. 81.

On March 13, 2025, this Court issued a Rule 16 scheduling order setting case management deadlines, which were subsequently extended by sixty (60) days at the SEC's request because of Megas's international residence and Swiss law's restrictions on the SEC to engage directly with Megas in discovery. *See* ECF Nos. 82-84 (setting the deadline for serving interrogatories and requests for production as June 13, 2025, the deadline for completion of fact and expert discovery as September 9, 2025, and the deadline for dispositive motions as October 10, 2025). On June 17, 2025, this Court issued Orders allowing the SEC to serve Megas with discovery pursuant to the Federal Rules of Civil Procedure and all other documents related to this case via this Court's Electronic Case Filing System ("ECF"), and extending all case management deadlines by thirty (30) days. *See* ECF Nos. 89-90. On July 18, 2025, Megas's attempts to disallow service of discovery and all other documents via ECF were denied, as was

his objection to the entry of a protective order governing the disclosure of sensitive personal information.  *See* ECF Nos. 99-100.

The SEC properly served discovery requests on Megas on June 18, 2025, *see* ECF No. 91 (containing requests for production of documents and interrogatories), which were due on or before July 18, 2025, *see* Fed. R. Civ. P. 33-34.   Megas failed to respond timely and on August 26, 2025, this Court issued its first order compelling Megas to respond to the SEC's interrogatories and production requests, extending the deadline to September 2, 2025.  *See* ECF No. 105.  By Order dated September 4, 2025, this deadline was extended until September 11, 2025, at Megas's request because of alleged issues with accessing the documents on ECF.  *See* ECF No. 108.  This Order reminded Megas that he had until September 24, 2025, to respond to each of the SEC's First Request for Admissions.  *See id.*

On September 30, 2025, the SEC properly noticed Megas's deposition for November 14, 2025, in Philadelphia, Pennsylvania.  *See* ECF No. 111.  Shortly thereafter, the SEC filed a Motion to Compel Megas's Deposition in the Eastern District of Pennsylvania, stating "Megas has repeatedly stated that he will not appear for his deposition in this District, and he has also refused to agree to an acceptable alternative location that will allow the SEC to conduct his voluntary deposition in person pursuant to the Federal Rules."  ECF No. 113.  When Megas failed to timely file a brief in opposition to this Motion, he was ordered to do so.  *See* ECF No. 114.  After his response was filed, this Court issued an Order dated November 13, 2025, stating in pertinent part as follows:

> A.    Plaintiff's request to compel Thomas Megas's deposition on November 14, 2025, is denied without prejudice to noticing a new deposition date.
> B.    Plaintiff's request to compel Thomas Megas's deposition in the Eastern District of Pennsylvania will be granted unless Megas voluntarily elects to appear in person for a deposition, at a location chosen by Plaintiff, in either the United Kingdom, in Barcelona, Spain, or in Brussels, Belgium. Megas shall notify

> Plaintiff within ten (10) days of the date of this Order of whether he will voluntarily appear for an in-person deposition in one of these locations. If Megas fails to timely respond or if he will not voluntarily appear for an in-person deposition in one of these locations, he will be compelled to appear in-person for a deposition in the Eastern District of Pennsylvania.
>
> C.      Plaintiff will be required to reimburse Megas for reasonable costs associated with the travel and lodging, if necessary, to attend the deposition.

ECF No. 118.  In accordance with the Order, the SEC attempted to contact Megas to discuss how he intended to proceed, but he failed to respond or to otherwise timely notify the SEC that he would voluntarily appear for his deposition at another location.  *See* ECF No. 119.  On November 25, 2025, the SEC properly noticed Megas's deposition for December 8, 2025, in Philadelphia, Pennsylvania.  *Id. See also* ECF No. 121 (Order extending case management deadlines again because of the delays caused by Megas).  Megas failed to appear for his deposition on December 8, 2025.

Based on Megas's failure to appear for the deposition and to fully respond to discovery, the SEC filed a Motion for Default Judgment on December 23, 2025.  *See* ECF No. 123.  After this Motion was fully briefed, an Order was issued on January 28, 2026, denying the request for default judgment without prejudice and giving Megas "one final opportunity to comply with discovery and with this Court's orders."  *See* ECF No. 128 (noting Megas's pro se status and the fact that default judgments are generally disfavored in the Third Circuit).  The SEC was directed to "notice Megas's deposition to take place at a location in the Eastern District of Pennsylvania on or after February 18, 2026, and to "reimburse Megas for reasonable costs associated with the travel and lodging, if necessary, to attend the deposition."  *Id.* (emphasis eliminated).[1]  Megas

---

[1]      The Order also denied Megas's request for reconsideration of the orders compelling his deposition appearance in the Eastern District of Pennsylvania.  *See* ECF No. 128 (explaining Megas "once again fails to provide this Court with any information and documentation about his health condition that would allow this Court to conclude that his health in fact restricts his ability to travel").

was ordered to "**respond immediately to ALL** outstanding discovery requests" and advised that "[i]f he needs to mail any discovery to the SEC, he shall do so **no later than January 31, 2026**, and provide proof of service to the Court." *Id.* (emphasis in original). Megas was further "advised that if he again fails to appear in the Eastern District of Pennsylvania for his deposition and/or fails to comply with this Order, default judgment will be entered against him." *Id.*

On January 29, 2026, the SEC properly noticed Megas's deposition for February 19, 2026, in Philadelphia, Pennsylvania. *See* ECF No. 129. Megas thereafter filed motions for protective orders seeking to compel his deposition by remote means and to limit the scope of his deposition testimony and the scope of discovery for essentially the same reasons previously considered and rejected by the Court. *See* ECF Nos. 132-133. These motions were denied and Megas was again advised by Order that "if he fails to appear in-person on February 19, 2026, at 9:30 AM, at the Philadelphia Regional Office of the Securities and Exchange Commission . . . default judgment will be entered against him." *See* ECF No. 134. Thereafter, Megas again failed to appear for his deposition. *See* ECF No. 136-1. On February 20, 2026, the SEC filed a Renewed Motion to Enter Default Judgment based on, *inter alia*, Megas's failure to (1) appear for his deposition as noticed and (2) supplement his responses to the SEC's interrogatories and requests for admission. *See* Default Mot., ECF No. 136. This Motion has been fully briefed. *See* ECF Nos. 138-143.

## III.    LEGAL STANDARD

Federal Rule Civil Procedure 37(d)(1)(A) provides: "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers,

objections, or written response." Considering dismissal under Rule 37, the Supreme Court emphasized that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (holding that the United States District Court Eastern District of Pennsylvania did not abuse its discretion in dismissing a case pursuant to Rule 37 for the plaintiff's failure to respond to discovery). "In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), [the Third Circuit Court of Appeals] examined the factors that must be considered in determining whether the district court properly exercised its discretion in ordering an extreme discovery sanction." *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. No single factor is determinative, and sanctions may be appropriate even if some of the factors are not satisfied. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007). "[T]he District Court has very broad discretion . . . to use sanctions where necessary to ensure compliance with pretrial orders." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 765 F. App'x 848, 854 (3d Cir. 2019) (internal quotations omitted) (affirming the district court's imposition of sanctions pursuant to Rule 16);

Fed. R. Civ. P. 16(f)(C) (allowing the court to impose sanctions under Rule 37 if a party "fails to obey a scheduling or other pretrial order").

## IV.    ANALYSIS

The first *Poulis* factor weighs in favor of default judgment because as a pro se litigant, Megas is personally responsible for his actions.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor weighs in favor of default judgment because Megas's repeated failures to comply with discovery, case management deadlines, and court orders have frustrated and prevented resolution of the case, resulting in significant prejudice to the SEC.  *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[T]he district court correctly acknowledged that the defendant has an interest in having litigation brought to an end, and was prejudiced by the expense and inconvenience in the plaintiff's continued delay and failure to appear for deposition."); *Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that the party's failure to litigate the case and comply with court orders "wholly frustrates and delays the resolution of this action" and "plainly prejudiced" the opposing party).  The SEC has been prejudiced by its inability to depose Megas, *see Beale v. Wetzel*, No. 13-15, 2016 U.S. Dist. LEXIS 153920, at *4 (W.D. Pa. Nov. 7, 2016) (finding that the plaintiff was prejudiced by his inability to depose the defendant), and to obtain discovery, *see Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial.").  The increased litigation costs incurred by the SEC because of Megas's delays and noncompliance is also prejudicial.  *See Discover Bank v. Greenwood House Home for the Jewish Aged*, No. 18-16020, 2023 U.S. Dist. LEXIS 164587, at *32 (D.N.J. Sep. 15, 2023) (finding that

the defendant's "obstructive behavior and delay tactics have significantly increased the cost and duration of this litigation, . . . resulting in prejudice").

The third *Poulis* factor (history of dilatoriness) weighs in favor of default judgment as Megas was properly served with the Complaint more than seventeen (17) months ago,[2] but he has continuously fought the discovery process.[3] *See Chailla v. Bisignano*, No. 3:24-CV-1961, 2026 U.S. Dist. LEXIS 87609, at *12-13 (M.D. Pa. Apr. 21, 2026) (recommending that the case be dismissed because, *inter alia*, the plaintiffs' failure to advance the case over a span of seventeen (17) months showed a history of dilatoriness). Megas's continuous delays and delinquencies also show a history of dilatoriness. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). Such delays began when Megas failed to timely respond to the Complaint in January 2025, and have continued through the date of this Opinion as Megas has still not fully responded to discovery. His failure to respond to discovery despite numerous extensions and court orders compelling him also shows a history of dilatoriness.[4] *See NHL*, 427 U.S. at 642-43 (affirming Rule 37 sanctions

---

[2]   For purposes of this Opinion, this Court considers only the delays caused by Megas following remand by the Third Circuit.

[3]   In addition to Megas's failure to respond to discovery requests and to appear for his deposition, which are addressed below, Megas objected to the SEC's motions to make the discovery process more convenient for both parties, *see* ECF Nos. 87, 92, to the entry of a protective order, *see* ECF No. 96, and to extension requests necessitated by international law, *see* ECF No. 93.

[4]   On August 26, 2025, after Megas failed to respond to the SEC's interrogatories and document requests, this Court issued an Order directing compliance by September 2, 2025. *See* ECF No. 105. Megas again failed to timely comply and was given an additional extension of time, *see* ECF No. 108, which he failed to meet so another extension was granted until December 8, 2025. *See* ECF No. 110. On December 23, 2025, when Megas failed to fully respond to discovery, the SEC filed a Motion for Default Judgment, explaining that although Megas made

where, after seventeen (17) months, crucial interrogatories remained substantially unanswered despite numerous extensions). Similarly, Megas was given multiple opportunities to appear for his deposition, but failed to appear despite several Court Orders warning that his failure to do so would result in default judgment, which further confirms his history of dilatoriness.[5] *See Chandler v. Kimmel (In re Chandler)*, No. 17-2164, 2018 U.S. Dist. LEXIS 155222, at *15-16 (E.D. Pa. Sep. 12, 2018) (concluding that "where depositions are continually postponed due to the deponent refusing to appear or appearing and then leaving due to alleged medical issues, without providing any proof of an excusable illness . . . supports the finding of dilatoriness, and the third *Poulis* factor").

_____

"minimal production" of some documents, they were incomplete, as were his responses to interrogatories. *See* ECF No. 123 (stating, *inter alia*, that Megas "refused to answer 10 of the SEC's 18 interrogatories, claiming without legal support that 'I am under no obligation to justify or explain how or why I chose to spend my personal funds'"). On January 28, 2026, Megas was given "one final opportunity to comply with discovery and with this Court's orders." *See* ECF No. 128. He was ordered to "respond immediately to ALL outstanding discovery requests" and warned that if he again "fails to comply with this Order, default judgment will be entered against him." *Id.* To date, Megas has failed to comply.

[5] After the SEC first noticed Megas's deposition, Megas informed the SEC that he would not appear in the Eastern District of Pennsylvania, nor would he agree to an acceptable alternative location, forcing the SEC to file a Motion to Compel. *See* ECF No. 113. On November 13, 2025, this Court gave Megas the option to voluntarily appear in person for a deposition in either the United Kingdom, in Barcelona, Spain, or in Brussels, Belgium, but he did not take advantage of this opportunity. *See* ECF No. 118. Accordingly, he was ordered to appear in person for a deposition in the Eastern District of Pennsylvania. *See* ECF No. 118. He failed to do so, but was nevertheless given another opportunity to appear for his deposition and warned that "if he again fails to appear in the Eastern District of Pennsylvania for his deposition . . ., default judgment will be entered against him." *See* ECF No. 128. His deposition was thereafter noticed for February 19, 2026, and he was again advised by Court Order that "if he fails to appear in-person on February 19, 2026, at 9:30 AM, at the Philadelphia Regional Office of the Securities and Exchange Commission . . . default judgment will be entered against him." *See* ECF No. 134. Megas again failed to appear. Notably, Megas cannot excuse his failure to appear on finances because this Court directed the SEC to provide upfront payment or reimbursement to Megas for reasonable costs associated with the travel and lodging to attend the deposition. *See id.* He also has no medical excuse for his failure to appear because despite being given numerous opportunities, Megas never provided any documentation to this Court regarding his unspecified health conditions. *See, e.g.* ECF No. 118.

The fourth *Poulis* factor (willful or bad faith conduct) weighs in favor of default judgment.  This Court, recognizing Megas's pro se status, has been very lenient with Megas by giving him several opportunities to appear for his deposition, to respond to discovery, and even to oppose default judgment.  *See, e.g.* ECF Nos. 108, 110, 118, 128, 134; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (directing the courts to be more lenient with pro se litigants).  "This leniency, however, should not be abused by pro se litigants. '[A]ll litigants, including pro se, have an obligation to comply with Court orders.'"  *Edelson v. Cheung*, No. 13-5870, 2017 U.S. Dist. LEXIS 5219, at *15 (D.N.J. Jan. 12, 2017) (quoting *Creeden v. Home Depot*, No. 06-3669 (JAG), 2007 U.S. Dist. LEXIS 37546 (D.N.J. May 23, 2007)).  Megas's ongoing failure to respond to discovery requests despite numerus extensions and orders compelling production, as well as his repeated failures to appear for his deposition, all despite warnings that default judgment would be granted if he failed to comply, *see* ECF Nos. 128, 134, is flagrant bad faith supporting default judgment.  *See NHL*, 427 U.S. at 642-43 (concluding that where the district court "was extremely patient in its efforts to allow the respondents ample time to comply with its discovery orders [but n]ot only did respondents fail to file their responses on time, but the responses which they ultimately did file were found by the District Court to be grossly inadequate," "the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith'"); *Emerson*, 296 F.3d at 191 (affirming dismissal of the pro se plaintiff's complaint for his failure to comply with case management deadlines, to provide a doctor's letter confirming his medical condition that resulted in an extension, and to attend a hearing on pending motions); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) (finding that the plaintiff's willful conduct, by "fail[ing] to return to his initial ongoing deposition and to appear at three subsequent depositions, one by court order," supported the sanction of dismissal); *Smith ex*

*rel. Ali v. Altegra Credit Co.*, No. 02-CV-8221, 2004 U.S. Dist. LEXIS 21478, at *20 (E.D. Pa. Sep. 22, 2004) ("Consistent failure to comply with a court's pretrial orders despite repeated warnings about the consequences of noncompliance is sufficient evidence of 'flagrant bad faith' to warrant dismissal." (citing *NHL*, 427 U.S. at 640-41, 643)).

The absence of other effective sanctions, which is the fifth *Poulis* factor, weighs in favor of default judgment.  Where a party "is proceeding pro se, and moreover, is proceeding in forma pauperis, [the Third Circuit has] upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'"  *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008) (quoting *Emerson*, 296 F.3d at 191).  As a defendant, Megas is not proceeding in forma pauperis; however, he has advised this Court about his limited finances.  *See, e.g.* ECF No. 116 (Megas stated that he is unable to travel for financial reasons.).  Monetary sanctions would therefore not be an effective sanction.  Additionally, this Court has given Megas numerous extensions and opportunities to comply with discovery, but he has still failed to supplement discovery even after the SEC filed the instant motion.  *See, e.g.* ECF Nos. 108, 110, 123, 128, 136.[6]  This Court also gave Megas several opportunities to appear for his deposition, including the option of appearing for a deposition in three different countries, before ordering his appearance in the Eastern District of Pennsylvania.  *See, e.g.* ECF Nos. 118 and 134.  Since Megas failed to comply with discovery and to appear for his deposition despite this Court's warnings that his failure to do so would result in default judgment, *see* ECF Nos. 128, 134, any sanction less than default judgment would be insufficient.  *See Windish v. 3M Co.*, No. 23-1531, 2024 U.S. Dist. LEXIS 67039, at

---

[6]    The SEC's Motions for Default Judgment, which provide specific details about Megas's noncompliance with discovery, are incorporated herein.  *See* ECF Nos. 123, 136.

\*22 (E.D. Pa. Apr. 12, 2024) ("Where, as here, a party has willfully flouted the Court's order, lesser sanctions will not suffice. Dismissal thus is necessary to deter similar misconduct in the future." (citations omitted)); *Healthcare Servs. Grp. v. Skyline Servs. Grp.*, No. 17-2703, 2019 U.S. Dist. LEXIS 237981, at \*6 n.1 (E.D. Pa. July 2, 2019) (reasoning that the fifth *Poulis* factor was satisfied because even the plaintiff's motion for default judgment "failed to spur Defendants to action" and "no lesser sanction than a default judgment would be effective"); *Drone Techs., Inc. v. Parrot S.A.*, 303 F.R.D. 254, 266 (W.D. Pa. 2014) (entering default judgment against the pro se defendants, who failed to comply with discovery despite repeated orders, because "lesser sanctions would not reflect the seriousness of Defendants' conduct, provide Plaintiff with needed relief to correct the resulting prejudice, or deter future litigants from similar actions").

Finally, the sixth *Poulis* factor weighs in favor of default judgment because the SEC's claims have already been found to have merit, *see* ECF No. 27, and Megas has offered no evidence in defense.  To the extent Megas suggests that the statute of limitations has expired, *see* Answer, this defense lacks merit as the Complaint was filed on March 20, 2020, and the allegations involve events that occurred within five years of this date.  *See, e.g.* Compl. ¶ 1 ("For the better part of three years ending in 2017, Lahr and Megas knowingly orchestrated and operated an offering fraud and Ponzi scheme. . . .") and ¶ 34 (alleging that Megas fraudulently misappropriated funds "[b]etween May and September 2015"); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 736 (2018) (The Exchange Act has a five-year statute of repose, which "begin[s] to run on the date of the last culpable act or omission of the defendant" (citations omitted)).

Consequently, all *Poulis* factors weigh in favor of default judgment.

**V.      CONCLUSION**

All the *Poulis* factors weigh in favor of entering default judgment against Thomas Megas pursuant to Federal Rule of Civil Procedure 37 for his failures to respond to discovery despite numerous extensions of time and to appear for his deposition, both in defiance of Court orders directing compliance and warning that default judgment would be entered if he failed to appear or provide discovery.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge